## Case No. 3,535.

### In re DAGGETT et al.

[8 N. B. R. (1873) 287.] [1]

District Court, E. D. Missouri. [2]

BANKRUPTCY—DEATH OF PARTNER—CONTROL OF ASSETS.

Where one of the partners has died, and, under the statute of the state, the partnership property is placed in the hands of the personal representative of the deceased partner to be administered, the court in bankruptcy will not, on a petition against the surviving partners,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reprinted by permission.]

[2] [Affirmed in Case No. 3,536.]

take the estate out of the hands of the administrator.

[Cited in Re Temple, Case No. 13,825.]

In this case the petition stated that the defendants had been partners with one Patrick Rogers, deceased, in the business of docking and repairing vessels; that by the terms of the partnership articles the partnership was not to be dissolved by the death of any of the partners, but that the business should be carried on and continued by the personal representative in conjunction with the surviving partners; that P. Rogers died in Ohio, leaving a will, appointing J. Rogers his executor; that the business had been continued for two years by the executor and surviving partners; that the executor had also died; that after that time letters of administration, with the will annexed, had been granted to D. G. Taylor, and that, under the statute of Missouri, the surviving partners having failed to qualify as administrators of the partnership estate by giving bond, &c., the probate court of St. Louis county had directed the administrator of P. Rogers to take charge of the partnership estate and divide it up; and that the estate was in the custody of the administrator; that the surviving partners had committed an act of bankruptcy within six months by suspending payment of their commercial paper. An application was made for a rule to show cause why the firm should not be adjudged bankrupt.

TREAT, District Judge, refused the rule, stating that as it appeared by the petition that the partnership estate was in the custody of the probate court, the bankrupt court would not interfere with its management by that court, it having first acquired jurisdiction; and, besides, that as one of the partners had died it did not appear that under the provisions of the bankrupt act there was any method of adjudging a dead man bankrupt, or of administering his estate in the bankrupt court, and as process could not issue against the deceased partner it could not issue against the surviving partners.

[NOTE. The petitioners brought the matter to the circuit court for review, and that court affirmed the decision herein. Case No. 3,536.]